STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

COUNTY OF NEW HANOVER

FILED
2022 MAR 28 A 10: 27
NEW HANOVER COUNTY, C.S.C.
BY _____

| | |
|---|---|
| LATONYA BANKS, <br>     Plaintiff, | ) <br> ) <br> ) |
| vs. | )    COMPLAINT <br> ) |
| OLLIE'S BARGAIN OUTLET, INC., <br>     Defendant | ) <br> ) |

NOW COMES the Plaintiff, Latonya Banks, complaining of the Defendant, and alleges and says as follow:

1. Plaintiff is a citizen and resident of New Hanover County, North Carolina;

2. Defendant, Ollie's Bargain Outlet, Inc. (hereinafter "Ollie's"), is a Pennsylvania for-profit corporation, with a place of business at 352 S. College Road, #25, Wilmington, New Hanover County, North Carolina. Ollie's registered agent is Corporation Service Company, 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608;

3. At the time and place set forth herein, Ollie's owned, operated and maintained a store at 352 S. College Road, #25, Wilmington, North Carolina;

4. On or about September 24, 2021, the Plaintiff entered the Ollie's store located at 352 S. College Road, #25, Wilmington, North Carolina, as an invited customer;

5. At the date and place set forth above, the Plaintiff was walking down an aisle in Ollie's looking for goods to purchase;

6. As the Plaintiff was walking, she suddenly and unexpectedly slipped and fell in an unknown and unnoticed substance, and she was injured;

7. After falling, she discovered a clear slippery substance had caused her fall and that it was not visible to her from her original standing position. It appeared that this substance was from a product of Ollie's that had fallen to the floor;

A TRUE COPY
CLERK OF SUPERIOR COURT
NEW HANOVER COUNTY
BY: Kristina J. Walker
Deputy Clerk of Superior Court

8. At the time of the slip and fall, there were no employees visible in the store other than the cashier in the front of the building when the Plaintiff originally entered the store. After the fall, someone, supposedly a manager, came from a back office;

9. The slip and fall resulted in injury to the Plaintiff and was directly and proximately the result of the negligence of the Defendant;

10. The Defendant was negligent in that it, its agent, employees or servants, among other acts and omissions:

   a. Failed to keep the premises in a reasonable safe condition, in that it allowed spilled substances on the floor without using due care to inspect and clean the store in a reasonable manner, where it knew, or should have known, customers would be walking;

   b. Knew, or should have known, of the slippery substance on the floor, and failed to warn its customers, including the Plaintiff, of said dangerous condition of which the Plaintiff was unaware;

   c. Failed to reasonably inspect its premises to discover dangerous conditions like the one that caused injury to the Plaintiff and to keep its premises in a reasonably safe condition;

   d. Failed to have enough staff on duty to maintain reasonable inspections of its premises;

   e. Failed to maintain a policy of reasonable inspection of its premises;

   f. Failed to keep its store in a clean and orderly condition, thereby preventing obstacles and impediments to customers walking through the store;

   g. Failed to maintain its store in a clean and safe condition presentable to customers invited to shop therein;

2

  h. Knew, or should have known, of the slippery dangerous condition that would have been revealed to the Defendant with reasonable inspections and ordinary care to protect customers from injury;

  i. Otherwise failed to act as an ordinary, reasonable and prudent business would act under the same or similar circumstances;

11. As a direct and proximate result of the negligence of the Defendant, the Plaintiff received serious, painful injuries, causing her to incur medical expenses, lost wages, pain and suffering, and possibly permanent injury.

WHEREFORE, Plaintiff prays that she have and recover of the Defendant as follows:

A. All damages incurred or to be incurred in an amount in excess of twenty-five thousand dollars ($25,000.00) with interest from the date suit was filed, including an amount to compensate her for lost wages;

B. For the cost of the action;

C. For reasonable attorney's fees;

D. For a trial by jury on all issues of fact raised herein; and

E. For all other relief that the Court may deem just and proper.

This the 28th day of March, 2022.

            MACRAE LAW FIRM, PLLC

BY: _____
    Samuel H. MacRae
    State Bar Number: 18301
    Attorney for Plaintiff
    307 N. 5th Street
    Wilmington, NC 28401
    Telephone Number (910) 254-4754
    Facsimile Number (910) 343-0776
    Email: samuelm@macraelawfirm.com

3